IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:24-CR-249 (PTG) |
| | ) |
| ASIF WILLIAM RAHMAN | ) |
| | ) |
| Defendant | ) |

## PROTECTIVE ORDER

This matter is before the Court on a Consent Motion for Entry of an Agreed Protective Order, agreed upon by the United States and counsel for defendant Asif William Rahman to impose certain restrictions on defense counsels' use and disclosure of certain documents, electronic records, and other materials produced by the United States pursuant to its disclosure obligations in this case. Accordingly, it is hereby,

ORDERED that the term "Protected Information" refers to electronic records and documents containing confidential and sensitive information and personal identifiers of the defendant and witnesses in this case, which include documents and information obtained from government databases, records provided by telephone service companies, materials obtained pursuant to grand jury subpoena, search warrants, declarations from intelligence community officials, and other sensitive materials; it is further

ORDERED that the Protected Information shall be subject to the following protective measures:

1. The government shall disclose the Protected Information to the defendant's attorney of record, who will be responsible for safeguarding the Protected Information;

2. Access to the Protected Information shall be restricted to the defendant, the defendant's attorney of record, and any paralegal(s)/legal assistant(s), investigator(s), or expert(s)

1

working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case;

3. The defendant's attorney of record shall securely store the Protected Information (and any copies thereof) in her law office or home office at all times, or in the alternative, the Protected Information may be stored in the offices of any personnel allowed to review the Protected Information under the terms of this Protective Order. The Protected Information shall not be stored or maintained in any other locations;

4. The defendant's attorney of record may permit her client to review the Protected Information only while in the presence of the defendant's attorney or any paralegal(s)/legal assistant(s), investigator(s), or expert(s) working as part of the defense team on this case. The defendant's attorney of record shall not permit her client to review the Protected Information without said supervision and she shall not permit her client to copy or memorialize the Protected Information during any such review, nor shall she permit her client to retain or store any of the Protected Information (or any copies thereof) following any such review;

5. The defendant's attorney shall not disclose the substance of Protected Information with any persons other than her client, and any paralegal(s)/legal assistant(s), investigator(s), or expert(s) working as part of the defense team on this case;

6. The Protected Information and the information contained therein shall not be used for any purpose other than preparing to defend the defendant against the charges filed in this case;

7. The defendant's attorney shall inform any paralegal(s)/legal assistant(s), investigator(s), or expert(s) working as part of the defense team on this case to whom disclosure of the Protected Information is made of the existence and terms of this Order and such person shall be bound by the terms of this Order;

8. Prior to the disclosure of any Protected Information to a person not identified in Paragraph 2 of this Order, the defendant's attorney of record must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*;

9. The terms of this Protective Order shall apply to items produced in discovery, which are labeled "PROTECTED INFORMATION," and where Protected Information is produced electronically on a disc, flash drive or hard drive, only the physical disc, flash drive or hard drive (and not the individual electronic files) must be labeled "PROTECTED INFORMATION;" and

10. Consistent with defense counsel's ethical obligations, the defendant's attorney of record shall return, or destroy and certify to government counsel the destruction of, the Protected Information (and any copies thereof) to the government within a reasonable period of time (not to exceed 30 days) after the trial and any appeal in this matter are concluded.

The disclosure or provision of documents or materials by the government to defense counsel shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

IT IS SO ORDERED.

Date: 12/20/24
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

3