IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT

JAN 17 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:24-CR-249 (PTG) |
| ASIF WILLIAM RAHMAN, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, Asif William Rahman (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt:

1. From at least the spring of 2024 through in or around November 2024, in the Eastern District of Virginia and elsewhere, including outside of the jurisdiction of any particular State or district of the United States, within the extraterritorial jurisdiction of the United States, the defendant, having possession of, access to, and control over information and documents relating to the national defense, willfully transmitted SECRET and TOP SECRET information and documents to persons not entitled to receive them, with reason to believe that the information so transmitted could be used to the injury of the United States or to the advantage of a foreign nation.

**The Defendant's CIA Employment and Access to Classified Information**

2. The defendant, Asif William Rahman, is a United States citizen and has worked as an employee of the United States Central Intelligence Agency since 2016. As required for his employment, the defendant possessed a TOP SECRET level security clearance with the United States Government with access to Sensitive Compartmented Information ("SCI").

3. Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 12526 on December 29, 2009, national security information classified as "TOP SECRET" was information owned by, produced by, produced for, and under the control of the United States government, the unauthorized disclosure of which, by definition, reasonably could be expected to cause exceptionally grave damage to the national security of the United States.

4. Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, who received a security clearance, who had signed an approved non-disclosure agreement, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility or container, or on an approved computer network.

5. Classified national security information could be further protected through SCI compartments in order to protect particularly sensitive intelligence sources and methods. Authorized access to SCI required an appropriate security clearance, nondisclosure agreement, need to know, and additional SCI permissions. Storage of SCI was only authorized within an approved Sensitive Compartmented Information Facility ("SCIF").

6. Through his employment, the United States Government entrusted the defendant with access to sensitive government materials, including information relating to the national defense that was closely held by the government ("National Defense Information") and classified documents and materials. As part of his official duties, he was tasked with compiling binders containing country specific, regional specific, and global information to brief and inform other U.S. government personnel.

7. In connection with his employment, the defendant signed a Classified Information Nondisclosure Agreement and multiple SCI Nondisclosure Agreements, most recently on January 5, 2023. Those agreements provide, in part, that unauthorized disclosure or mishandling of classified information may violate U.S. law, including Title 18, United States Code, Section 793. The SCI Nondisclosure Agreement that the defendant signed contained, among other things, the following provision:

> I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government or Agency (hereinafter Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department of Agency or a contactor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be, or related to or derived from SCI, is considered by such department or Agency to be SCI. I further understand that I am obligated by law and regulation not to disclose any classified information or material in an authorized fashion.

**The Defendant's Unlawful Transmissions of Classified Information and Documents**

8. In the spring of 2024, the defendant accessed and printed from his workstation approximately five documents. These documents were classified at the SECRET and TOP SECRET level. The defendant transported those materials outside of his place of employment and to his residence by concealing those materials inside a backpack. From his residence in the Eastern District of Virginia, the defendant reproduced the documents and, while doing so, altered them in an effort to conceal their source and his activity. The defendant then communicated TOP SECRET information he learned in the course of his employment to multiple individuals he knew were not entitled to receive it. He also transmitted the reproductions of the SECRET and TOP SECRET documents to multiple individuals he knew were not entitled to receive them.

Afterward, the defendant deleted his activity from electronic devices and returned to his workstation with the classified materials where he shredded them.

9.  Later that year, in fall 2024, the defendant accessed and printed from his workstation over ten documents classified at the TOP SECRET level. The defendant transported those materials outside of his place of employment and to his residence by concealing those materials inside a backpack. From his residence, the defendant reproduced the documents and, while doing so, altered them in an effort to conceal their source and his activity. The defendant then communicated information classified up to the TOPSECRET/SCI level, including material subject to further compartmentation, which he learned in the course of his employment, to multiple individuals he knew were not entitled to receive it. He also transmitted the reproductions of the TOP SECRET documents to multiple individuals he knew were not entitled to receive them. Afterward, the defendant deleted his activity from electronic devices and returned to his workstation with the classified materials where he shredded them.

10. On October 17, 2024, the defendant accessed and printed approximately two documents regarding a United States foreign ally and its planned kinetic actions against a foreign adversary ("Document One and Document Two"). Document One and Document Two were classified at the TOP SECRET level and contained National Defense Information. A United States government agency generated these documents on October 16, 2024, and stored them on servers located in the Eastern District of Virginia. The defendant transported Document One and Document Two outside of his place of employment and to his residence by concealing those materials inside a backpack. From his residence, the defendant photographed the documents and transferred those images to a computer program that allowed him to edit the images to attempt to conceal their source and delete his activity. The defendant also took steps to conceal his identity

while unlawfully sharing classified information with others. The defendant then communicated TOP SECRET National Defense Information he learned in the course of his employment to multiple individuals he knew were not entitled to receive them. He also transmit the images of TOP SECRET Document One and TOP SECRET Document Two, both of which contained National Defense Information, to multiple individuals he knew were not entitled to receive them.

11. By October 18, 2024, the defendant received written confirmation from one of the individuals not entitled to receive classified information that the individual had further distributed Document One and Document Two to others.

12. By October 18, 2024, Document One and Document Two appeared publicly on multiple social media platforms, complete with the classification markings. On one of the social media platforms, the user that posted the documents added the following captions:

> EXCLUSIVE: An informed source within the U.S. intelligence community has shared with us an extremely sensitive "top secret" U.S. intelligence document from the [U.S. government agency], dated October 15-16, detailing [foreign ally] preparations for an extensive strike inside [foreign adversary] . . . This classified report originates from the [U.S. government agency], part of the U.S. Department of Defense.

13. Afterward, the defendant deleted his activity from electronic devices and returned to his workstation with Document One and Document Two where he eventually shredded them.

14. During the fall of 2024, the defendant used secure platforms to communicate TOP SECRET information he learned in the course of his employment to multiple individuals he knew were not entitled to receive the information.

15. Throughout the relevant time period, the defendant maintained and updated certain notes related to TOP SECRET information on multiple pieces of paper he possessed on his person. The defendant cryptically documented some of the TOP SECRET information via sequences of

letters and numbers intending, in part, to transmit that information to individuals he knew were not entitled to receive classified information.

### The Defendant's Efforts to Conceal His Conduct

16. In addition to certain steps detailed above, the defendant took steps to attempt to conceal his October 2024 transmissions of National Defense Information.

17. From in or around early 2019, through in or around fall 2020, the defendant accessed and downloaded thousands of highly classified intelligence reports as part of his employment. Many of those reports required highly compartmented access. The defendant was debriefed, or "read out," from those reporting compartments in or around fall 2020. By October 21, 2024, however, the defendant continued still maintained certain of these previous records in his email and personal folder on his CIA TOP SECRET workstation. On October 21, 2024, the defendant deleted those files in part to conceal his access to the compartmented information. Between October 23, 2024, and October 31, 2024, the defendant deleted approximately 1.5 gigabytes of data from his email and personal folder on a TOP SECRET workstation, in part to conceal his access to the compartmented information. The defendant knew and understood that the CIA kept records of his activities on the workstation.

18. After October 17, 2024, the defendant also deleted and edited certain journal entries and written work product on his personal electronic devices in an effort to conceal his personal opinions on United States policy. He also took these steps to construct a false, innocuous narrative regarding his deletion of certain of the records on his personal devices and CIA workstation.

19. After October 17, 2024, the defendant also destroyed multiple electronic devices—including his personal Galaxy Samsung A3 mobile device and an internet router he used to transmit

classified information and photographs of classified documents—and discarded the destroyed devices in public trash receptacles in an effort to thwart potential investigations into him and his unlawful conduct.

*****

20. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

21. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: January 16, 2025        By: _____
                                  Troy A. Edwards, Jr.
                                  Assistant United States Attorney, EDVA

                              By: _____
                                  Brett Reynolds
                                  Trial Attorney, CES

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Asif William Rahman, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Asif William Rahman

We are counsel for Asif William Rahman and have carefully reviewed the above Statement of Facts with him.   To our knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Amy Jeffress and Deborah Curtis
Counsel for Asif William Rahman

8